UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) |
| MARTIN RAINEY, individually, RANDY ESPHORST, individually, and GASCONADE COUNTY, MISSOURI, | ) ) ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff asks this Court for leave to proceed under a pseudonym in seeking compensatory and punitive damages, as well as nominal damages, against Defendants.

### LEGAL STANDARD FOR PROCEEDING ANONYMOUSLY

As a general rule, a plaintiff must file suit in his or her own name. Rule 10(a) of the Federal Rules of Civil Procedure provides that '[t]he title of the complaint must name all the parties."

Courts have, however, recognized an exception to this general rule by permitting plaintiffs to remain anonymous when the need for anonymity is "sufficiently compelling." *Doe H.M. v. St. Louis Cnty.*, No. 4:07-CV-2116 CEJ, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008) (citing *Heather K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1256 (N.D. Iowa 1995)). While neither the Supreme Court nor the Eighth Circuit have adopted steadfast rules explaining when a plaintiff may remain anonymous, this Court has taken guidance from other circuits and district courts on the matter. These courts apply a totality-of-the-circumstances balancing test to determine whether a party may sue under a pseudonym. *Roe v. St. Louis Univ.*, No. 4:08CV1474

JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (*see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (collecting cases)).

Courts have permitted plaintiffs to proceed anonymously "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *Doe. H.M.*, 2008 WL 151629, at *1 (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). These factors are not meant as a "rigid, three-step test for the propriety of party anonymity," *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981), because ultimately a court must weigh all the circumstances to determine if the interest in preserving the plaintiff's privacy through the use of a pseudonym outweighs the public interest in ascertaining the plaintiff's true identity. *St. Louis Univ.*, 2009 WL 910738, at *5.

## ARGUMENT

Plaintiff's case against Defendants alleges a challenge to governmental action and claims that would require her to disclose details of her alleged rape, which is certainly a matter of utmost intimacy. These two factors surpass the threshold of the totality-of-the-circumstances balancing test espoused in *Doe H.M.*, and thus Plaintiff should be permitted to proceed anonymously.

First, a plaintiff challenging the actions of a government entity may be permitted to proceed anonymously. "Where a plaintiff attacks governmental activity … the plaintiff's interest in proceeding anonymously is considered particularly strong … [as] the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of [her] rights." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111

(E.D.N.Y. 2003). Anonymity encourages plaintiffs to pursue suits against government entities without the overwhelming fear of retaliation.

Second, proceeding under a pseudonym is warranted when the plaintiff is a victim of rape and brings a civil claim against the perpetrator and his superiors. Courts recognize the importance of shielding an alleged rape victim from publically disclosing her status as a victim, *Doe v. Blue Cross & Blue Shield of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997), as "[i]t is understandable that [a] plaintiff does not wish to be publically identified as [a rape victim], which is a personal matter of the utmost intimacy." *St. Louis Univ.*, 2009 WL 910738, at *5 (*quoting W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (permitting plaintiff afflicted with AIDS to proceed anonymously)). The plaintiff in *St. Louis University* was allegedly raped and requested to remain anonymous to prevent public intrusion into her personal sexual matters. *Id.* at *4. The defendant opposed and relied heavily on *Doe v. Hartz*, which held that alleged unsolicited kisses and a rub on the back by a priest did not rise to the level of "utmost intimacy" to warrant bringing the suit anonymously. 52 F. Supp. 2d 1027, 1048 (N.D. Iowa 1999). This Court distinguished the facts in *Hartz* from those in *St. Louis University*, concluding that the seriousness of an alleged rape rises to the level of "utmost intimacy" and thus the interest in preserving the plaintiff's privacy outweighed the public interest in knowing the plaintiff's true identity. *Id.* at *5. Accordingly, alleged victims of rape are permitted to proceed anonymously.

Plaintiff's challenge to the practices of the Gasconade County Sheriff's Department should warrant anonymity as it is the type of government activity contemplated by the factors test espoused in *Doe H.M.* Plaintiff's injuries resulted from Defendant Rainey's absolute abuse of power and unequivocal dereliction of duty, unsupervised and unchecked by the Gasconade

County Sherriff's Department. As such, there exists a substantial public interest in vindicating Plaintiff's rights on behalf of all citizens under the Sheriff's jurisdiction. However, Plaintiff is compelled to bring suit against a larger, more powerful entity that has previously utilized coercive measures to obtain its own ends. To protect her privacy and integrity from additional governmental abuses of power, it is essential that Plaintiff be allowed to proceed anonymously.

Additionally, anonymity should be permitted in the interest of protecting Plaintiff by not requiring her to proclaim publically her status as a rape victim. The facts at bar require a heightened concern for the protection of Plaintiff's privacy, as the allegations against Defendant Rainey have already generated statewide media attention, thereby substantially increasing the likelihood that Plaintiff's privacy may be infringed. As a victim of rape, Plaintiff should be afforded the same privacy protections as the plaintiff in *St. Louis University,* who was permitted to proceed under the "Roe" pseudonym because of her status as a victim of rape. Since public dissemination of private sexual matters may expose Plaintiff and her family to unwanted public embarrassment, ridicule and stigmatization, Plaintiff should be permitted to proceed anonymously.

Combined with the factors listed above, the public interest in ascertaining Plaintiff's identity in this case is minimal, as the State of Missouri has already brought criminal charges against Defendant Rainey and has maintained Plaintiff's anonymity throughout the initial criminal pleadings.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests leave to proceed in this case under a pseudonym.

Respectfully submitted,

**HOLLORAN SCHWARTZ & GAERTNER, LLP**

/s/ Thomas E. Schwartz
Thomas E. Schwartz, #44504
Mark J. Gaertner, #50291
2000 S. Eighth Street
St. Louis, MO 63104
(314) 772-8989 (office)
(314) 772-8990 (facsimile)
tschwartz@holloranlaw.com
mgaertner@holloranlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system this 25th day of September, 2015.

/s/ Thomas E. Schwartz