UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: |
| MARTY RAINEY, individually, | ) | |
| | ) | |
| Serve at: | ) | |
| 34 Gray St. | ) | JURY TRIAL DEMANDED |
| Sullivan, MO 63080 | ) | |
| | ) | |
| RANDY ESPHORST, individually, | ) | |
| | ) | |
| Serve at: | ) | |
| 119 East First Street | ) | |
| Room 22 | ) | |
| Hermann, Missouri 65041 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GASCONADE COUNTY, MISSOURI, | ) | |
| | ) | |
| Serve Clerk of County Commission: | ) | |
| 119 East First Street | ) | |
| Room 2 | ) | |
| Hermann, Missouri 65041 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Jane Doe, bringing suit under a fictitious name, by and through

her attorneys of record, and states as follows:

## INTRODUCTION

1.      Plaintiff brings this suit under 42 U.S.C. § 1983 against Defendants for violations of rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, as well as other laws of the State of Missouri.

2.      Plaintiff is filing a concurrent motion for leave to proceed under a pseudonym to protect her legitimate privacy interests and to protect her and her family from unwanted public intrigue.

**PARTIES**

3.      Jane Doe (hereinafter "Plaintiff") is a citizen of the United States of America and of the State of Missouri, who was at all times relevant to the claims in this Complaint a resident of Bay, Missouri located in Gasconade County, Missouri in the Eastern District of Missouri.

4.      Defendant Marty Rainey (hereinafter "Defendant Rainey"), in his individual capacity, is and was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of Gasconade County, Missouri in the Eastern District of Missouri.

5.      Defendant Sheriff Randy Esphorst (hereinafter "Defendant Sheriff"), in his individual capacity, is and was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of Gasconade County, Missouri in the Eastern District of Missouri.

6.      Defendant Gasconade County is a political subdivision in the State of Missouri located in east-central Missouri.

**JURISDICTION AND VENUE**

7.     This action is brought under 42 U.S.C. § 1983 to remedy the deprivation of Plaintiff's freedom from wrongful seizure and substantive due process right to bodily integrity, both secured by the Fourth and Fourteenth Amendments to the United States Constitution.

8.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

9.     Additionally, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

10.     That all Defendants are residents of the State of Missouri and reside within the Eastern District of Missouri. Therefore, venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) and E.D. Mo. L.R. 3-2.07(B)(2).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11.     That at all times relevant to the claims herein Defendant Rainey was a deputy sheriff with the Gasconade County Sheriff's Department.

12.     That at all times relevant to the claims herein Defendant Sheriff was the elected Sheriff of Gasconade County and thereby the chief law enforcement officer for the County.

13.     That on or about July 14, 2012, Plaintiff called the Gasconade County Sheriff's Department to inquire as to whether an Ex Parte order had been served on her estranged husband.

14.     That on or about July 14, 2012, Defendant Rainey, while performing his duties as a deputy sheriff, came in contact with Plaintiff regarding the aforementioned inquiry and obtained her address and telephone contact information.

15.     That after the initial contact with Plaintiff, Defendant Rainey used the information he obtained during their meeting to repeatedly call and send text messages to Plaintiff.

16.     That between July 14, 2012 and August 6, 2012, Defendant Rainey called Plaintiff 87 times and sent 1,288 text messages to Plaintiff's phone, many of which were sexually explicit in nature.

17.     That after July 14, 2012, Defendant Rainey approached Plaintiff at her residence and made sexual advances towards her, including trying to kiss Plaintiff while standing in the doorway to the residence.

18.     That after July 14, 2012, Defendant Rainey threatened to arrest Plaintiff's husband in connection with an investigation Defendant Rainey was supposedly undertaking of Plaintiff's husband, although Defendant Rainey knew both the investigation and the arrest warrant to be fictitious.

19.     That with regard to the investigation of criminal activity of Plaintiff's husband, Defendant Rainey informed Plaintiff that he would use his authority as a deputy sheriff to "make this all go away" if Plaintiff would engage in sexual intercourse with him.

20.     That on or about August 4, 2012, Defendant Rainey picked up Plaintiff at her apartment while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel in Owensville, Missouri, where he had directed Plaintiff to reserve a motel room in a fictitious name.

21.     That once in the aforementioned motel, Defendant Rainey provided Plaintiff with an opened can of soda, which caused Plaintiff to feel "drugged," and he removed his service-issued police firearm from its holster and placed it on the nightstand next to the bed, with the barrel of the firearm pointing towards where Plaintiff was laying, before having nonconsensual sexual intercourse with Plaintiff.

22.     That from the time of the initial contact on or about July 14, 2012 to about August 6, 2012, Defendant Rainey used the apparent and inherent authority of a deputy sheriff to coerce Plaintiff into having nonconsensual sexual intercourse with him, thereby directly infringing upon her bodily integrity and freedom from wrongful seizure, and causing severe emotional and mental anguish to Plaintiff, as more fully set forth in the following Counts.

## COUNT I—DEFENDANT RAINEY—VIOLATIONS OF PLAINTIFF'S RIGHTS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

23.     That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 22 and brings this claim under 42 U.S.C. § 1983.

24.     That Plaintiff has a constitutional right to bodily integrity to keep her body free from harmful force or intrusion, and Plaintiff has a right to remain free from wrongful seizure.

25.     That Defendant Rainey is a natural person and is being sued in his individual capacity.

26.     That on or about August 4, 2012, Defendant Rainey picked up Plaintiff at her apartment while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel in Owensville, Missouri, where he had directed Plaintiff to reserve a motel room in a fictitious name, and once inside the motel, he placed his service-issued firearm on the nightstand next to the bed with the barrel facing Plaintiff.

27.     That Defendant Rainey coerced Plaintiff into joining him in the Owensville, Missouri motel by threatening to use his powers as a deputy sheriff to arrest Plaintiff's husband for a crime Defendant Rainey knew to be fabricated, unless Plaintiff submitted to sexual intercourse with Defendant Rainey.

28.    That Defendant Rainey acted under the color of state law by utilizing his actual and apparent authority as a deputy sheriff to coerce Plaintiff into acting against her will.

29.    That Plaintiff's right to be free from unreasonable seizure, guaranteed by the Fourth Amendment to the United States Constitution, was willfully violated when Plaintiff's liberty to move freely was completely diminished by Defendant Rainey's physical force and show of authority; she did not reasonably feel free to leave and subsequently acquiesced to Defendant Rainey's show of authority; and her freedom of movement was intentionally terminated; therefore, Plaintiff was unreasonably seized under the Fourth Amendment

30.    That Plaintiff's constitutionally protected right to bodily integrity, guaranteed by the Fourteenth Amendment to the United States Constitution, was willfully violated when Defendant Rainey used an unknown chemical substance to incapacitate Plaintiff and thereafter used nonconsensual physical force to engage in unwanted sexual intercourse with her.

31.    That as a result of Defendant Rainey's forceful, nonconsensual and unconstitutional actions, Plaintiff suffered injuries, to wit: she sustained physical injuries to various parts of her body; she endured a loss of personal freedom; and she suffered from prolonged mental suffering, anguish, and humiliation, and she will continue to suffer from such in the future.

32.    WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff prays judgment against Defendant Marty Rainey for actual and compensatory damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), punitive damages, plus costs of this action, plus reasonable attorney's fees, and other such further relief this Court deems just and proper.

## COUNT II—DEFENDANT RAINEY—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.     That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 to 32.

34.     That on or about August 4, 2012, Defendant Rainey picked up Plaintiff at her apartment while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel in Owensville, Missouri, where he had directed Plaintiff to reserve a motel room in a fictitious name.

35.     That once inside the motel room, Defendant Rainey provided Plaintiff with an open can of soda that made her feel as if she had been "drugged," thereby intentionally causing Plaintiff to be incapacitated and defenseless.

36.     That in Plaintiff's incapacitated state, Defendant Rainey placed his service-issued police firearm on the nightstand in the room, with the barrel facing Plaintiff, and proceeded to engage in forceful and nonconsensual sexual intercourse with Plaintiff, despite Plaintiff's resistance.

37.     That Defendant Rainey's actions were outrageous, intentional, and malicious, and done with reckless disregard of the fact that he would certainly cause Plaintiff to suffer severe emotional and physical distress.

38.     That as a proximate result of the acts of Defendant Rainey, Plaintiff suffered emotional damages, to wit: she suffered from severe and prolonged emotional anguish and will continue to suffer from severe anguish in the future; she suffered from intense anxiety and will continue to suffer in the future; and she suffered from an unspeakable trespass to her person and dignity and she will continue to bear the emotional scars of such.

39.     WHEREFORE, Plaintiff prays judgment against Defendant Marty Rainey in a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with punitive damages, special damages for psychological counseling, and costs herein expended, and for any further relief this honorable Court deems just and proper.

### COUNT III—DEFENDANT RAINEY—FALSE IMPRISONMENT

40.     That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 39.

41.     That on or about August 4, 2012, Defendant Rainey picked up Plaintiff at her apartment while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel in Owensville, Missouri, where he had directed Plaintiff to reserve a motel room in a fictitious name.

42.     That once inside the motel room, Defendant Rainey provided Plaintiff with an open can of soda that made her feel as if she had been "drugged," thereby intentionally causing Plaintiff to be incapacitated and defenseless.

43.     That upon information and belief, Defendant Rainey used an unknown chemical substance to incapacitate Plaintiff and thereafter used nonconsensual physical force to engage in unwanted sexual intercourse with her.

44.     That the sexual acts perpetrated by Defendant Rainey were evil, unlawful and against Plaintiff's will.

45.     That Defendant Rainey's actions caused Plaintiff's freedom of movement to be restricted, in that he forced her into having sexual intercourse with him and, due to her incapacitation, she was unable to leave the motel room or call for aid.

46.     That as a result of Defendant Rainey's evil and unlawful restraint, Plaintiff suffered injuries, to wit: she sustained physical injuries to various parts of her body; she endured a loss of personal freedom; and she suffered from prolonged mental suffering, anguish, and humiliation, and she will continue to suffer from such in the future.

47.     WHEREFORE, Plaintiff prays judgment against Defendant Marty Rainey in a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus punitive damages, together with costs herein expended, and for any further relief this honorable Court deems just and proper.

## COUNT IV— DEFENDANT SHERIFF ESPHORST—WILLFULL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS

48.     That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 47 and brings this claim under 42 U.S.C. § 1983.

49.     That at all times relevant to the counts herein, Defendant Sheriff acted under the color of state law as the supervisor of Defendant Rainey in his work as a Gasconade County deputy sheriff and was the chief law enforcement officer and policy maker in Gasconade County by virtue of Mo. Rev. Stat. § 57.010.01.

50.     That at all times relevant to the counts herein, Defendant Rainey was on duty, on the clock, in uniform, operating a Gasconade County patrol vehicle, and using his employment as a deputy sheriff to further his illegitimate intentions regarding Plaintiff; Defendant Rainey was therefore acting in the scope and course of his employment with the Gasconade County Sheriff's Department.

51.     That the Gasconade Sheriff's Department maintained a number of policies designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

52.     That upon information and belief, Defendant Sheriff knew or should have known that Defendant Rainey was violating department policies designed to protect citizens like Plaintiff.

53.     That upon information and belief, Defendant Rainey, throughout his employment as a deputy sheriff and under Defendant Sheriff's supervision, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

54.     That Defendant Sheriff's reckless and careless failure to supervise Defendant Rainey's compliance with department policies amounted to a deliberate indifference to Plaintiff's constitutional rights.

55.     That as a direct and proximate result of Defendant Sheriff's willfully reckless and careless failure to supervise, Defendant Rainey was empowered to use his employment to coerce Plaintiff into forceful and nonconsensual sexual intercourse with him.

56.     That as a direct and proximate result of Defendant Sheriff's willfully reckless and careless failure to supervise, Plaintiff suffered both physical and emotional damages, to wit: she sustained physical injuries to various parts of her body; she endured a loss of personal freedom; and she suffered from prolonged mental suffering, anguish, and humiliation, and she will continue to suffer from such in the future.

57.     WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff prays judgment against Defendant Sheriff Randy Esphorst for actual and compensatory damages in an amount in excess

of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus punitive damages and costs of this action, plus reasonable attorney's fees, and other such further relief this Court deems just and proper.

### COUNT V—DEFENDANT SHERIFF ESPHORST—FALSE IMPRISONMENT

58.    That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 57.

59.    That Defendant Sheriff, being sued in his individual capacity, is a natural person and the chief law enforcement officer and policy maker in Gasconade County by virtue of Mo. Rev. Stat. § 57.010.01.

60.    That at all times relevant to the counts herein, Defendant Sheriff was the employer and supervisor of Defendant Rainey in his work as a Gasconade County deputy sheriff.

61.    That at all times relevant to the counts herein, Defendant Rainey was on duty, on the clock, in uniform, operating a Gasconade County patrol vehicle, and using his employment as a deputy sheriff to further his illegitimate intentions regarding Plaintiff; Defendant Rainey was therefore acting in the scope and course of his employment with the Gasconade County Sheriff's Department.

62.    That on or about August 4, 2012, Defendant Rainey picked up Plaintiff at her apartment while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel in Owensville, Missouri, where he had directed Plaintiff to reserve a motel room in a fictitious name.

63.     That once inside the motel room, Defendant Rainey provided Plaintiff with an open can of soda that made her feel as if she had been "drugged," thereby intentionally causing Plaintiff to be incapacitated and defenseless.

64.     That upon information and belief, Defendant Rainey used an unknown chemical substance to incapacitate Plaintiff and thereafter used nonconsensual physical force to engage in unwanted sexual intercourse with her.

65.     That the sexual acts perpetrated by Defendant Rainey were evil, unlawful and against Plaintiff's will.

66.     That Defendant Rainey's actions caused Plaintiff's freedom of movement to be restrained, in that he forced her into having sexual intercourse with him and, due to her incapacitation, she was unable to leave the motel room or call for aid.

67.     That as a result of Defendant Rainey's evil and unlawful restraint, Plaintiff suffered injuries, to wit: she sustained physical injuries to various parts of her body; she endured a loss of personal freedom; and she suffered from prolonged mental suffering, anguish, and humiliation, and she will continue to suffer from such in the future.

68.     WHEREFORE, Plaintiff prays judgment against Defendant Sheriff Randy Esphorst in a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus punitive damages, together with costs herein expended, and for any further relief this honorable Court deems just and proper.

## COUNT VI— DEFENDANT SHERIFF ESPHORST—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69.     That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 68.

70.     That Defendant Sheriff, being sued in his individual capacity, is a natural person and the chief law enforcement officer and policy maker in Gasconade County by virtue of Mo. Rev. Stat. § 57.010.01.

71.     That at all times relevant to the counts herein, Defendant Sheriff was the employer and supervisor of Defendant Rainey in his work as a Gasconade County deputy sheriff.

72.     That at all times relevant to the counts herein, Defendant Rainey was on duty, on the clock, in uniform, operating a Gasconade County patrol vehicle, and using his employment as a deputy sheriff to further his illegitimate intentions regarding Plaintiff; Defendant Rainey was therefore acting in the scope and course of his employment with the Gasconade County Sheriff's Department.

73.     That on or about August 4, 2012, Defendant Rainey picked up Plaintiff at her apartment while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel in Owensville, Missouri, where he had directed Plaintiff to reserve a motel room in a fictitious name.

74.     That once inside the motel room, Defendant Rainey provided Plaintiff with an open can of soda that made her feel as if she had been "drugged," thereby intentionally causing Plaintiff to be incapacitated and defenseless.

75.     That in Plaintiff's incapacitated state, Defendant Rainey placed his service-issued police firearm on the nightstand in the room, with the barrel facing Plaintiff, and proceeded to engage in forceful and nonconsensual sexual intercourse with Plaintiff, despite Plaintiff's resistance.

76.     That Defendant Rainey's actions, while acting in the scope and course of his employment with the Gasconade County Sheriff's Department, were outrageous, intentional, and malicious, and done with reckless disregard of the fact that he would certainly cause Plaintiff to suffer severe emotional and physical distress.

77.     That as a proximate result of the acts of Defendant Rainey, while acting in the scope and course of his employment with the Gasconade County Sheriff's Department, Plaintiff suffered emotional damages, to wit: she suffered from severe and prolonged emotional and mental anguish and will continue to suffer from such in the future; she suffered from intense anxiety and will continue to suffer in the future; and she suffered from an unspeakable trespass to her person and dignity and she will continue to bear the emotional scars of such.

78.     WHEREFORE, Plaintiff prays judgment against Defendant Sheriff Randy Esphorst in a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with punitive damages, special damages for psychological counseling, and costs herein expended, and for any further relief this honorable Court deems just and proper.

**COUNT VII— DEFENDANT SHERIFF ESPHORST—NEGLIGENT SUPERVISION**

79.     That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 78.

80.     That at all times relevant to the counts herein, Defendant Sheriff was the supervisor of Defendant Rainey in his work as a Gasconade County deputy sheriff.

81.     That at all times relevant to the counts herein, Defendant Rainey was on duty, on the clock, in uniform, operating a Gasconade County patrol vehicle, and using his employment as a deputy sheriff to further his illegitimate intentions regarding Plaintiff; Defendant Rainey was

therefore acting in the scope and course of his employment with the Gasconade County Sheriff's Department.

82.     That the Gasconade Sheriff's Department maintained a number of policies designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

83.     That upon information and belief, Defendant Sheriff knew or should have known that Defendant Rainey was violating department policies designed to protect citizens like Plaintiff.

84.     That upon information and belief, Defendant Rainey, throughout his employment as a sheriff's deputy, had regularly and persistently pursued inappropriate relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

85.     That Defendant Sheriff was reckless and careless by failing to supervise Defendant Rainey to ensure that he was compliant with department policies.

86.     That as a direct and proximate result of Defendant Sheriff's recklessness and carelessness, Defendant Rainey was able to use his employment to coerce Plaintiff into forceful and nonconsensual sexual intercourse with him.

87.     That as a direct and proximate result of Defendant Sheriff's negligent supervision, Plaintiff suffered both physical and emotional damages, to wit: she sustained physical injuries to various parts of her body; she endured a loss of personal freedom; and she suffered from prolonged mental suffering, anguish, and humiliation, and she will continue to suffer from such in the future.

88.     WHEREFORE, Plaintiff prays judgment against Defendant Sheriff Randy Esphorst in a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with punitive damages and costs herein expended, and for any further relief this honorable Court deems just and proper.

### COUNT VIII—DEFENDANT GASCONADE COUNTY—WILLFULL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS

89.     That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 88 and brings this claim under 42 U.S.C. § 1983.

90.     That upon information and belief, Defendant County maintains liability insurance for wrongful actions committed by its employees; therefore sovereign immunity is waived pursuant to Mo. Rev. Stat. § 537.610.

91.     That at all times relevant to the counts herein, Defendant County was the supervisor of Defendant Rainey in his work as a Gasconade County deputy sheriff.

92.     That at all times relevant to the counts herein, Defendant Rainey was on duty, on the clock, in uniform, operating a Gasconade County patrol vehicle, and using his employment as a deputy sheriff to further his illegitimate intentions regarding Plaintiff; Defendant Rainey was therefore acting in the scope and course of his employment with Gasconade County.

93.     That the Gasconade Sheriff's Department maintained a number of policies, designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

94.     That upon information and belief, Defendant County knew or should have known that Defendant Rainey was violating department policies designed to protect citizens like Plaintiff.

95.     That upon information and belief, Defendant Rainey, throughout his employment as a deputy sheriff and under Defendant County's supervision, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

96.     That Defendant County's willfully reckless and careless failure to supervise Defendant Rainey's compliance with department policies amounted to a deliberate indifference to Plaintiff's constitutional rights.

97.     That as a direct and proximate result of Defendant County's willfully reckless and careless failure to supervise, Defendant Rainey was able to use his employment to coerce Plaintiff into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

98.     That as a direct and proximate result of Defendant County's willfully reckless and careless failure to supervise, Plaintiff suffered both physical and emotional damages, to wit: she sustained physical injuries to various parts of her body; she endured a loss of personal freedom; and she suffered from prolonged mental suffering, anguish, and humiliation, and she will continue to suffer from such in the future.

99.     WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff prays judgment against Defendant Gasconade County for actual and compensatory damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs of this action, plus reasonable attorney's fees, and other such further relief this Court deems just and proper.

## COUNT IX—DEFENDANT GASCONADE COUNTY—FALSE IMPRISONMENT

100.    That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 99.

101.    That at all times relevant to the counts herein, Defendant County was the employer of Defendant Rainey in his work as a Gasconade County deputy sheriff.

102.    That at all times relevant to the counts herein, Defendant Rainey was on duty, on the clock, in uniform, operating a Gasconade County patrol vehicle, and using his employment as a deputy sheriff to further his illegitimate intentions regarding Plaintiff; Defendant Rainey was therefore acting in the scope and course of his employment with Gasconade County.

103.    That on or about August 4, 2012, Defendant Rainey picked up Plaintiff at her apartment while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel in Owensville, Missouri, where he had directed Plaintiff to reserve a motel room in a fictitious name.

104.    That once inside the motel room, Defendant Rainey provided Plaintiff with an open can of soda that made her feel as if she had been "drugged," thereby intentionally causing Plaintiff to be incapacitated and defenseless.

105.    That upon information and belief, Defendant Rainey used an unknown chemical substance to incapacitate Plaintiff and thereafter used nonconsensual physical force to engage in unwanted sexual intercourse with her.

106.    That the sexual acts perpetrated by Defendant Rainey were evil, unlawful and against Plaintiff's will.

107.    That Defendant Rainey's actions caused Plaintiff's freedom of movement to be restricted, in that he forced her into having sexual intercourse with him and, due to her incapacitation, she was unable to leave the motel room or call for aid.

108.    That as a result of Defendant Rainey's evil and unlawful restraint, Plaintiff suffered injuries, to wit: she sustained physical injuries to various parts of her body; she endured a loss of personal freedom; and she suffered from prolonged mental suffering, anguish, and humiliation, and she will continue to suffer from such in the future.

109.    WHEREFORE, Plaintiff prays judgment against Defendant Gasconade County in a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this honorable Court deems just and proper.

### COUNT X— DEFENDANT GASCONADE COUNTY—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

110.    That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 109.

111.    That at all times relevant to the counts herein, Defendant County was the employer of Defendant Rainey in his work as a Gasconade County deputy sheriff.

112.    That at all times relevant to the counts herein, Defendant Rainey was on duty, on the clock, in uniform, operating a Gasconade County patrol vehicle, and using his employment as a deputy sheriff to further his illegitimate intentions regarding Plaintiff; Defendant Rainey was therefore acting in the scope and course of his employment with Gasconade County.

113.    That on or about August 4, 2012, Defendant Rainey picked up Plaintiff at her apartment while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel in Owensville, Missouri, where he had directed Plaintiff to reserve a motel room in a fictitious name.

114.     That once inside the motel room, Defendant Rainey provided Plaintiff with an open can of soda that made her feel as if she had been "drugged," thereby intentionally causing Plaintiff to be incapacitated and defenseless.

115.     That in Plaintiff's incapacitated state, Defendant Rainey placed his service-issued police firearm on the nightstand in the room, with the barrel facing Plaintiff, and proceeded to engage in forceful and nonconsensual sexual intercourse with Plaintiff, despite Plaintiff's resistance.

116.     That Defendant Rainey's actions, while acting in the scope and course of his employment with Gasconade County, were outrageous, intentional, and malicious, and done with reckless disregard of the fact that he would certainly cause Plaintiff to suffer severe emotional and physical distress.

117.     That as a proximate result of the acts of Defendant Rainey, while acting in the scope and course of his employment with Gasconade County, Plaintiff suffered emotional damages, to wit: she suffered from severe and prolonged emotional and mental anguish and will continue to suffer from such in the future; she suffered from intense anxiety and will continue to suffer in the future; and she suffered from an unspeakable trespass to her person and dignity and she will continue to bear the emotional scars of such.

118.     WHEREFORE, Plaintiff prays judgment against Defendant Gasconade County in a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), special damages for psychological counseling, and costs herein expended, and for any further relief this honorable Court deems just and proper.

## COUNT XI— DEFENDANT GASCONADE COUNTY—NEGLIGENT SUPERVISION

119.    That Plaintiff alleges and incorporates herein each allegation set forth in paragraphs 1 through 118.

120.    That at all times relevant to the counts herein, Defendant County was the employer and supervisor of Defendant Rainey in his work as a Gasconade County deputy sheriff.

121.    That at all times relevant to the counts herein, Defendant Rainey was on duty, on the clock, in uniform, operating a Gasconade County patrol vehicle, and using his employment as a deputy sheriff to further his illegitimate intentions regarding Plaintiff; Defendant Rainey was therefore acting in the scope and course of his employment with Gasconade County.

122.    That Defendant County maintained a number of policies, designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

123.    That upon information and belief, Defendant County knew or should have known that Defendant Rainey was violating department policies designed to protect citizens like Plaintiff.

124.    That upon information and belief, Defendant Rainey, throughout his employment with Defendant County, had regularly and persistently pursued inappropriate relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

125.    That Defendant County was reckless and careless by failing to supervise Defendant Rainey to ensure that he was compliant with department policies.

126.    That as a direct and proximate result of Defendant County's recklessness and carelessness, Defendant Rainey was able to use his employment to coerce Plaintiff into forceful and nonconsensual sexual intercourse with him.

127.   That as a direct and proximate result of Defendant County's negligent supervision, Plaintiff suffered both physical and emotional damages, to wit: she sustained physical injuries to various parts of her body; she endured a loss of personal freedom; and she suffered from prolonged mental suffering, anguish, and humiliation, and she will continue to suffer from such in the future.

128.   WHEREFORE, Plaintiff prays judgment against Defendant Gasconade County in a fair and reasonable amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this honorable Court deems just and proper.

## PRAYER FOR RELIEF

129.   WHEREFORE, Plaintiff Jane Doe prays this honorable Court order judgment against Defendants for damages in an amount to be determined by this Court; for punitive damages in an amount to be determined by this Court against Defendants Rainey and Sheriff; for attorney's fees and costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

**HOLLORAN SCHWARTZ & GAERTNER, LLP**

 /s/ Thomas E. Schwartz

Thomas E. Schwartz, #44504
Mark J. Gaertner, #50291
2000 S. Eighth Street
St. Louis, MO 63104
314-772-8989 (office)
314-772-8990 (facsimile)
tschwartz@holloranlaw.com
mgaertner@holloranlaw.com
*Attorneys for Plaintiff*