UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JANE DOE,

        Plaintiff,

vs.                                                                          Case No.: 4:15-CV-01484

MARTY RAINEY, et al,

        Defendants.

<u>MEMORANDUM IN SUPPORT OF DEFENDANT MARTY RAINEY'S MOTION TO
DISMISS COUNTS II AND III OF THE COMPLAINT</u>

COMES NOW Defendant Marty Rainey, by and through his undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7-4.01(A), submits his Memorandum in Support of the Motion to Dismiss Counts II and III of the Complaint for failure to state a claim upon which relief can be granted.[1]  Defendant hereby states as follows:

## I. INTRODUCTION

The Complaint sets forth eleven separate counts and asserts allegations against two individuals and a county.  One of the individual defendants is Marty Rainey, who is alleged to be a former deputy sheriff employed by co-defendant, Gasconade County Sheriff's Department. For the reasons set forth herein, this Court should dismiss Counts II and III pursuant to Rule

---

[1] Defendant Rainey's Motion seeks dismissal of Counts II and III but not Count I.  Therefore, out of an abundance of caution, Defendant Rainey also filed his Answer to the Complaint.

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## II. STANDARD FOR GRANTING MOTION TO DISMISS

In reviewing a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A motion to dismiss should be granted if 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.'" *Koehler v. Brody*, 483 F.3d 590, 596 (8th Cir. 2007) (citing *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999)).

Under Rule 12(b)(6), a complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim that is plausible on its fact." *Twombly*, 550 U.S. at 570. Likewise, if the allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007). The statute of limitations is an affirmative defense and must be pled as such, however, "a motion to dismiss may be granted when a claim is barred under a statute of limitations." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). The defense may be claimed under a Rule 12(b)(6) motion to dismiss when it is clear on the face of the complaint that the limitations period has run. *Id.*; see also *Olean Assocs., Inc. v. Knights of Columbus*, 5 S.W.3d 518, 521 (Mo. App. 1999) ("A motion to dismiss properly raises the defense of statute of limitations when it is clear from the face of the petition that the action is time barred.").

### III.  THE ALLEGATIONS FROM THE COMPLAINT

Plaintiff filed her Complaint on September 28, 2015.  (Doc. 3.)  A fair reading of the Complaint sets forth the following background allegations that are pertinent to Defendant Rainey's argument.  That while performing his duties as a deputy sheriff, on July 14, 2012, Defendant Rainey came in contact with Plaintiff concerning the effort to serve an ex parte order on Plaintiff's husband.  (Pl.'s Compl., ¶¶s 13-14.)  After that initial encounter, Defendant Rainey repeatedly called and sent text messages to Plaintiff that were of a sexually explicit nature.  *Id.*, ¶ 16.  Defendant Rainey threatened to arrest Plaintiff's husband but offered to "make this all go away" if Plaintiff would engage in sexual intercourse with him.  *Id.*, ¶¶s 18-19.  The most serious allegations include claims that Defendant Rainey–while armed with a firearm, wearing his sheriff's uniform, and driving a patrol vehicle–picked up Plaintiff and drove her to a hotel in Owensville, Missouri, where he "drugged" her and had nonconsensual sexual intercourse with her.  *Id.*, ¶ 21.  Lastly, that the timeframe of these allegations all occurred in 2012 between July 14th and August 6th.  *Id.*, ¶ 22.

Against this backdrop, Plaintiff asserted three claims against Defendant Rainey.  Count I is premised upon a violation of Plaintiff's constitutional rights, but it is not the focus of this motion.  Count II and III are the focus of this motion and they assert state law claims for intentional infliction of emotional distress and false imprisonment.  For reasons to be explained below, it bears worth noting that the Complaint did not assert any claims for assault or battery despite allegations claiming that Defendant Rainey drugged Plaintiff and had nonconsensual sexual intercourse with her.

## IV.  ARGUMENT

This Court should dismiss Counts II and III of Plaintiff's Complaint against Defendant Rainey pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

A.  Count II Fails to Assert the Proper Elements of Her Cause of Action

Count II of the Complaint is entitled "Intentional Infliction of Emotional Distress" and purports to assert a cause of action against Defendant Rainey for emotional distress stemming, principally, from "drugging" Plaintiff to cause her to become incapacitated and having "forceful and nonconsensual sexual intercourse" with her. (Pl.'s Compl., ¶ 34-37.)

Plaintiff failed to allege all of the necessary elements of an intentional infliction of emotional distress claim.  "To state a claim for intentional infliction of emotional distress under Missouri law, a plaintiff must allege 'extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm.'" *Green v. Missouri*, Case No. 4:06CV1667, 2008 U.S. Dist. LEXIS 89834, *12 (E.D. Mo. Nov. 5, 2008) (citing *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997)). "The defendant's conduct 'must be intended only to cause extreme emotional distress to the victim.'"  *Id.*  "Intentional infliction of emotional distress requires not only intentional conduct, but conduct that is intended only to cause severe emotional harm.'" *Id.*  "A 'claim for intentional infliction of emotional harm will not lie where the alleged conduct is intended to invade other legally protected interests of the plaintiff or intended to cause bodily harm.'" *Id.*, (citing *K.G. v. R.T.R.*, 918 S.W.2d 795, 800 (Mo. 1996)).

In this case, Plaintiff failed to allege that Defendant Rainey's conduct was motivated <u>only</u> by a desire to cause Plaintiff extreme emotional distress.  Rather, the Complaint states quite the opposite in that Defendant Rainey's alleged conduct was "done with reckless disregard of the

4

fact that he would certainly cause Plaintiff to suffer severe emotional and physical distress." (Pl.'s Compl. ¶ 37.)  Nowhere does the Complaint claim that Defendant Rainey was motivated only by a desire to cause Plaintiff emotional distress.  Because Plaintiff has not alleged that Defendant Rainey was exclusively motivated by a desire to cause severe emotional harm to her, Plaintiff's cause of action for intentional infliction of emotional distress is not cognizable under Missouri law.

Moreover, "[w]hile recovery for emotional distress caused by battery may be allowable as an element of damages in a battery action, there is no independent action for intentional infliction of emotional distress where the existence of the claim is dependent upon a battery." *Green*, 2008 U.S. Dist. LEXIS 89834, *13 (citing *K.G.*, 918 S.W.2d at 800).  In this case, Plaintiff alleges that her emotional distress was caused by an underlying battery that is attributed to Defendant Rainey; Count II claims that Defendant Rainey "drugged" her and caused her to be "incapacitated and defenseless" that culminates with "forceful and nonconsensual sexual intercourse with Plaintiff, despite Plaintiff's resistance."  (Pl.'s Compl., ¶¶ 34-36.)  Therefore, Plaintiff has failed to state a separate cause of action for intentional infliction of emotional distress and must be dismissed against Defendant Rainey for failure to state a cause of action upon which relief can be granted.

B.  The Two-Year Statute of Limitations Bars Count II

Count II claims that the date of the alleged conduct took place on <u>August 4, 2012</u>, which is a date that is consistently reiterated in Count II but also in Count I and III. *Id.*, ¶¶s 20, 26, 34, and 41.  The only other date asserted in the Complaint that is associated with this alleged conduct is an unspecified reference to <u>August 6, 2012</u>. *Id.*, ¶ 20.  In either case, any conduct that occurred in 2012 is barred by the two-year statute of limitations.  The Missouri Supreme Court

has held that where "no cause of action for intentional infliction of emotional harm would exist but for the allegations of the commission of a battery, § 516.140 is the applicable statute of limitations." *Green*, 2008 U.S. Dist. LEXIS 89834, *12 (citing *K.G.*, 918 S.W.2d at 800).

While the Complaint does not assert a claim for assault or battery, this appears to be a clever drafting technique employed to avoid the two-year statute of limitations imposed by Mo. Rev. Stat. § 516.140.  Plaintiff's claim for intentional infliction of emotional distress is premised upon the commission of a battery (e.g. the forceful and nonconsensual sexual intercourse with Plaintiff, despite Plaintiff's resistance) that would, if alleged, serve as the basis for an assault and battery claim.   See *J.D. v. M.F.*, 758 S.W.2d 177 (Mo. App. E.D. 1988) (where daughter incorrectly claimed a breach of contract against her father for personal injuries sustained from sexual assault, the court interpreted the action as rooted in tort rather than contract).

In accordance with the *Green* opinion, Plaintiff's intentional infliction of emotional distress claim would not exist but for the allegation of the commission of the underlying battery took place on August 4, 2012.  *Green*, 2008 U.S. Dist. LEXIS 89834, *12.  Because Plaintiff's cause of action for intentional infliction of emotional distress is dependent on allegations of Defendant Rainey's conduct from August 4, 2012, the claim set forth in Count II of the Complaint is governed by the two-year statute of limitations imposed by Mo. Rev. Stat. § 516.140.  Therefore, Count II must be dismissed for failure to state a cause of action upon which relief can be granted because Plaintiff's cause of action for intentional infliction of emotional distress accrued on August 4, 2014, but was not filed until September 28, 2015.

C.  The Two-Year Statute of Limitations Bars Count III

Count III of the Complaint is entitled "False Imprisonment" and purports to assert a cause of action against Defendant Rainey for the same conduct (as set forth above) for emotional

distress caused on August 4, 2012, but expanded the claim to include allegations that Defendant Rainey "used an unknown chemical substance to incapacitate Plaintiff" and that his "actions caused Plaintiff's freedom of movement to be restricted, in that he forced her into having sexual intercourse with him and, due to her incapacitation, she was unable to leave the motel room or call for aid." (Pl.'s Compl., ¶¶ 42-45.)  Moreover, the Complaint sets forth the timeframe of the alleged imprisonment: "That from the time of the initial contact on or about July 14, 2012 to about August 6, 2012, Defendant Rainey used the apparent and inherent authority of a deputy sheriff to coerce Plaintiff into having nonconsensual sexual intercourse with him, thereby directly infringing upon her bodily integrity and freedom from wrongful seizure…"  (Pl.s' Compl., ¶ 22.)

However, a cause of action for false imprisonment is barred by the same two-year statute of limitations.  *Green*, 2008 U.S. Dist. LEXIS 89834, *16.  An action for false imprisonment under Missouri law must be brought within two years after the cause of action accrued.  Mo. Rev. Stat. § 516.140.  "Under Missouri law, '[t]he bar of the running of the applicable statute of limitations is an affirmative defense, requiring the party asserting it not only to plead it, . . . but to prove it, as a matter of law.'" *Green*, 2008 U.S. Dist. LEXIS 89834, *15 (citing *Townsend v. E. Chem. Waste Sys.*, 234 S.W.3d 452, 462 (Mo. App. 2007)).  "The defense may be claimed through a motion to dismiss if it is clear from the face of the complaint that the action is barred by the applicable statute of limitations." *Olean*, 5 S.W.3d at 521.

In this case, Count III specifies that the timeframe of the false imprisonment claim occurred between July 14, 2012, and August 6, 2012.  (Pl.s' Compl., ¶ 22.)  There are no other allegations in the Complaint that one could interpret to suggest the timeframe of the false imprisonment was anything else.  Because Plaintiff's false imprisonment claim resolved by

August 6, 2012, it is clear from the face of the Complaint that Count III is barred by the two-year statute of limitations imposed by Mo. Rev. Stat. § 516.140.   Therefore, Count III must be dismissed for failure to state a cause of action upon which relief can be granted because Plaintiff's cause of action for false imprisonment accrued on August 6, 2014, but was not filed until September 28, 2015.

WHEREFORE, Defendant Marty Rainey hereby respectfully requests that this Court dismiss Counts II and III of Plaintiff's Complaint for failure to state a claim upon which relief can be granted and grant such other and further relief as this Court deems just and proper under the circumstances.

/s/ Benjamin M. Fletcher
Robert J. Wulff, Bar No.: 34081MO
Benjamin M. Fletcher, #58309MO
EVANS & DIXON, LLC
211 N. Broadway, 25th Floor
St. Louis, MO 63102
314-552-4059 Direct Phone
314-884-4459 Direct Fax
rjwulff@evans-dixon.com
bfletcher@evans-dixon.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2015 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties/attorneys of record.

/s/ Benjamin M. Fletcher