UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JANE DOE,

        Plaintiff,

vs.

MARTY RAINEY, et al,

        Defendants.

Case No.: 4:15-CV-01484

Jury Trial Demanded

## DEFENDANT MARTY RAINEY'S ANSWER TO THE COMPLAINT

COMES NOW Defendant Marty Rainey, by and through his undersigned counsel, and for his Answer to Plaintiff's Complaint states as follows:

1.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

2.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

## PARTIES

3.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

4.    Defendant admits to being a citizen of the United States of America but denies that he is a resident of Gasconade County.

5.    Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

10. Defendant admits to being a citizen of the State of Missouri and residing within Franklin County, which is within the Eastern District of Missouri. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

11. Defendant admits that he was formerly employed as a deputy sheriff with the Gasconade County Sheriff's Department. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT I–DEFENDANT RAINEY
## VIOLATIONS OF PLAINTIFF'S RIGHTS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

COMES NOW Defendant Marty Rainey and for his Answer to Count I of Plaintiffs' Complaint states:

23. Defendant adopts and incorporates, as if fully set forth herein, his answers to each allegation set forth in paragraphs 1 through 22.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and, therefore, denies same and holds Plaintiff to strict proof thereof.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

WHEREFORE, Defendant Marty Rainey after having fully answered Count I of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT II–DEFENDANT RAINEY**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

COMES NOW Defendant Marty Rainey and for his Answer to Count II of Plaintiffs' Complaint states:

33. Defendant adopts and incorporates, as if fully set forth herein, his answers to each allegation set forth in paragraphs 1 through 32.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

WHEREFORE, Defendant Marty Rainey after having fully answered Count II of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT III–DEFENDANT RAINEY**
**FALSE IMPRISONMENT**

COMES NOW Defendant Marty Rainey and for his Answer to Count III of Plaintiffs' Complaint states:

40. Defendant adopts and incorporates, as if fully set forth herein, his answers to each allegation set forth in paragraphs 1 through 39.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

WHEREFORE, Defendant Marty Rainey after having fully answered Count III of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

### COUNT IV–DEFENDANT SHERIFF ESPHORST
### WILLFULL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS

The allegations contained in Count IV are not directed to this Defendant.  Therefore, Defendant Rainey makes no response to Count IV.  However, should any of the allegations contained within Count IV be construed over and against Defendant Rainey, he denies same and holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant Marty Rainey after having fully answered Count IV of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees

incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT V–DEFENDANT SHERIFF ESPHORST**
**FALSE IMPRISONMENT**

The allegations contained in Count V are not directed to this Defendant.  Therefore, Defendant Rainey makes no response to Count V.  However, should any of the allegations contained within Count V be construed over and against Defendant Rainey, he denies same and holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant Marty Rainey after having fully answered Count V of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT VI–DEFENDANT SHERIFF ESPHORST**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The allegations contained in Count VI are not directed to this Defendant.  Therefore, Defendant Rainey makes no response to Count VI.  However, should any of the allegations contained within Count VI be construed over and against Defendant Rainey, he denies same and holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant Marty Rainey after having fully answered Count VI of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT VII–DEFENDANT SHERIFF ESPHORST**
**NEGLIGENT SUPERVISION**

The allegations contained in Count VII are not directed to this Defendant.  Therefore, Defendant Rainey makes no response to Count VII.  However, should any of the allegations contained within Count

VII be construed over and against Defendant Rainey, he denies same and holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant Marty Rainey after having fully answered Count VII of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT VIII–DEFENDANT GASCONADE COUNTY**
**WILLFULL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE**
**INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS**

The allegations contained in Count VIII are not directed to this Defendant. Therefore, Defendant Rainey makes no response to Count VIII. However, should any of the allegations contained within Count V be construed over and against Defendant Rainey, he denies same and holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant Marty Rainey after having fully answered Count VIII of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

**COUNT IX–DEFENDANT GASCONADE COUNTY**
**FALSE IMPRISONMENT**

The allegations contained in Count IX are not directed to this Defendant. Therefore, Defendant Rainey makes no response to Count IX. However, should any of the allegations contained within Count IX be construed over and against Defendant Rainey, he denies same and holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant Marty Rainey after having fully answered Count IX of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees

incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

## COUNT X–DEFENDANT GASCONADE COUNTY
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The allegations contained in Count X are not directed to this Defendant.  Therefore, Defendant Rainey makes no response to Count X.  However, should any of the allegations contained within Count X be construed over and against Defendant Rainey, he denies same and holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant Marty Rainey after having fully answered Count X of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

## COUNT XI–DEFENDANT GASCONADE COUNTY
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The allegations contained in Count XI are not directed to this Defendant.  Therefore, Defendant Rainey makes no response to Count XI.  However, should any of the allegations contained within Count XI be construed over and against Defendant Rainey, he denies same and holds Plaintiff to strict proof thereof.

WHEREFORE, Defendant Marty Rainey after having fully answered Count XI of Plaintiff's Complaint prays to be dismissed together with proper costs, for his attorneys fees incurred herein, and for any further such Orders as this Honorable Court deems just and proper under the circumstances.

## **AFFIRMATIVE DEFENSES**

COMES NOW Defendant Marty Rainey and for his Affirmative Defenses to Plaintiff's Complaint states:

48. That Plaintiff has failed to state a claim upon which relief can be granted.

49. Defendant Rainey states that Plaintiff's claims against Defendant Rainey in his individual capacity are barred by official immunity and the Public Duty Doctrine.

50. Defendant Rainey states that his actions are protected from liability and suit by the doctrine of qualified immunity because any and all actions taken by Defendant Rainey in regards to Plaintiff were done under the reasonable and good faith belief that said actions were constitutional, and Defendant Rainey did not violate any clearly established law of which a reasonable official in his position should have known was unconstitutional.

51. Defendant Rainey states that Plaintiff's claims against Defendant Rainey, to the extent the claims are intertwined with Defendant Rainey's official capacity, are barred by sovereign immunity.

52. The statute of limitations imposed by Mo. Rev. Stat. § 516.140 bars any and all of Plaintiff's claims, including the claim premised upon 42 U.S.C. § 1983, against Defendant Rainey.

53. That the statute of limitations imposed by Mo. Rev. Stat. § 516.130 bars any and all of Plaintiff's claims, including the claim premised upon 42 U.S.C. § 1983, against Defendant Rainey.

54. Defendant Rainey states that any injury or damage suffered by Plaintiff was due to and caused by reason of Plaintiff's own acts and conduct thereby making her contributorily negligent.

55. Defendant Rainey states that to the extent applicable in this cause of action, Defendant Rainey is entitled to apportionment and allocation of fault between and among all appropriate parties, individuals, and entities whom the evidence indicates may be liable to

Plaintiff, and that each such party, individual, and entity should be apportioned and allocated its respective percentage of fault by the trier of fact.

56. Defendant Rainey states if a Defendant or other party makes a settlement with Plaintiff, of if Plaintiff receives anything of value from such party, individual, or entity, the amount of such payment or consideration should be treated as payment in full satisfaction of the damages of Plaintiff, or in the alternative, the amount of such payment or consideration should be a set-off against any judgment that may be entered herein.

57. Defendant Rainey states that, based upon the allegations, Plaintiff waived the claims by describing an encounter in the Complaint in which Plaintiff willingly submitted to.

58. Any damages (which Defendant Rainey denies) were caused by pre-existing conditions or Plaintiff's failure to mitigate her damages.

59. Pursuant to Section 490.715, RSMo., there is a presumption that the dollar amount necessary to satisfy the financial obligation to the healthcare provider represents the value of the medical treatment rendered.

60. Defendant Rainey did not have a legal duty owed to Plaintiff.

61. That Plaintiff's Complaint seeking punitive damages violates Defendants' rights under Article I, Section 10 of the United States Constitution as well as under the Fifth, Sixth and Fourteenth Amendments of the Constitution. In addition, Plaintiffs' punitive and aggravating circumstances damages claims violate Article I, Section 2, 8, 10, 13, 14, 18 (a), 19 and 21 of the Missouri Constitution.

A. The due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and Article I, Section 2 of the Missouri Constitution are violated because the jury or fact finder has total discretionary power to award

punitive and aggravating circumstances damages and adequate objective legal standards do not exist to guide and limit the jury's or fact finder's discretion, thus allowing an award of punitive and aggravating circumstances damages to be irrational, arbitrary and capricious and based on vague, unpredictable, conflicting and purely subjective standards;

      B.  The due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and Article I, Section 2 of the Missouri Constitution are violated because the vague and inconsistent legal standards for the imposition of punitive and aggravating circumstances damages deprive defendants of sufficient notice of the type of conduct and mental state upon which a punitive damage award which could result from the defendants' alleged misconduct;

      C.  The due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and Article I, Section 2 of the Missouri Constitution are violated because the guidelines, standards, procedures, and instructions for the imposition of punitive and aggravating circumstances damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, and fundamentally unfair;

      D.  The due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and Article I, Section 2 of the Missouri Constitution are violated because no objective limitations are established concerning the amount or severity of punitive and aggravating circumstances damage awards;

      E.  The Eighth Amendment of the United States Constitution and Article I, Section 21 of the Missouri Constitution are violated because punitive and aggravating circumstances damages constitute penal damages and amount to an unconstitutional criminal and excessive fine or punishment in a civil proceeding;

F.  The Fifth and Sixth Amendments of the United States Constitution and Article I, Section 18 (a) and Section 19 of the Missouri Constitution are violated because defendants cannot exercise all of the constitutional and statutory rights which must be accorded to a party which is subject to the imposition of a criminal penalty in the form of punitive and aggravating circumstances damages;

G.  The Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 2 of the Missouri Constitution are violated because the imposition of punitive and aggravating circumstances damages discriminates against the defendants on the basis of wealth in that greater amounts of punitive damages for the identical conduct may be awarded against some defendants who have more economic wealth than other defendants;

H.  The First Amendment of the United States Constitution and Article I, Section A of the Missouri Constitution are violated because the imposition of punitive and aggravating circumstances damages on defendants based on vague, conflicting, uncertain, and purely subjective standards, without adequate notice to defendants, create a chilling effect on speech and expression;

I.  The due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and Article I, Section 2 of the Missouri constitution as well as the provisions of Article I, Section 14 of the Missouri Constitution are violated because the imposition of punitive and aggravating circumstances damages impairs defendants' right to access to the Courts to adjudicate civil disputes;

J.  The Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and Article I, Section 2 of the Missouri Constitution are violated because the imposition of punitive and aggravating circumstances damages subject defendants to multiple punishment and fines for the identical conduct;

K.  Article I, Section 10 of the United States Constitution and Article I, Section 13 of the Missouri Constitution are violated because the imposition of punitive and aggravating circumstances damages impairs defendants' right to contract;

L.  To the extent Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against this Defendant are highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri.  Accordingly, the evidentiary burden of proof that Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

62.  Defendant Rainey is entitled, pursuant to Mo. Rev. Stat. §537.060, to an offset and reduction against any adverse judgment or verdict which may be rendered in this case by any amounts or consideration paid to Plaintiffs herein by any other tortfeasor, if any.

63. Defendant Rainey reserves the right to amend his answer in order to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case including, but not limited to, the revelation of the Plaintiff's true identity.

*/s/ Benjamin M. Fletcher*
Robert J. Wulff, Bar No.: 34081MO
Benjamin M. Fletcher, #58309MO
EVANS & DIXON, LLC
211 N. Broadway, 25th Floor
St. Louis, MO 63102
314-552-4059 Direct Phone
314-884-4459 Direct Fax
rjwulff@evans-dixon.com
bfletcher@evans-dixon.com

13

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 1, 2015 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties/attorneys of record.

                                                                  */s/ Benjamin M. Fletcher*