UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV01484 AGF |
| | ) |
| MARTIN RAINEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action was brought under 42 U.S.C. § 1983 and state tort law by Plaintiff Jane Doe against Martin Rainey, a police officer for Gasconade County, Missouri;[1] Randy Esphorst, Sheriff of Gasconade County, in his individual capacity; and Gasconade County. Now before the Court is Esphorst and Gasconade County's joint motion for judgment on the pleadings as to the state law claims against them for intentional infliction of emotional distress (Counts IV and VII, respectively) and negligent supervision (Counts V and VIII, respectively). For the reasons set forth below, the motion shall be denied in its entirety.

## BACKGROUND

Plaintiff alleges as follows: On or about July 14, 2012, she called the Gasconade County Sheriff's Department to inquire as to whether an ex parte (protection) order had

---

[1] On March 28, 2016, a suggestion of Rainey's death that occurred on March 26, 2016, was filed.

1

been served on her estranged husband.  Rainey, a deputy sheriff, came into contact with Plaintiff regarding the inquiry and obtained her address and cell information.  Between July 14, 2012, and August 6, 2012, Rainey called Plaintiff 87 times and sent her 1,288 text messages, many of which were sexually explicit.  Sometime "[a]fter July 14, 2012," Rainey approached Plaintiff at her residence and made sexual advances towards her.  Rainey threatened to arrest Plaintiff's husband in connection with an investigation Rainey was supposedly undertaking, although Rainey knew the investigation and the arrest warrant were fictitious.  Rainey told Plaintiff that he would use his authority as a deputy sheriff to "make this all go away" if Plaintiff would engage in sexual intercourse with him.

    Plaintiff further alleges that on August 4, 2012, Rainey picked her up at her apartment while wearing his deputy sheriff's uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle, and continued on to a motel where he had directed Plaintiff to reserve a motel room in a fictitious name.  Once in the motel, Rainey provided Plaintiff with an opened can of soda, which caused Plaintiff to feel "drugged," and he placed his service-issued police firearm on the nightstand next to the bed, with the barrel of the firearm pointing towards where Plaintiff was laying, before having nonconsensual sexual intercourse with her.  Plaintiff asserts that she suffered severe emotional injury as a result of Rainey's intentional and outrageous acts and will continue to suffer such emotional injury in the future.  She alleges that Esphorst and Gasconade County, as Rainey's supervisor and employer, respectively, knew or should

have known that Rainey had regularly pursued inappropriate relationships with women whom he met through his duties as a law enforcement officer.

These allegations underlie Plaintiff's eight-count amended complaint. Counts I and II are directed at Rainey claiming violation of Plaintiff's federal constitutional rights and intentional infliction of emotional distress, respectively. Counts III, IV, and V are directed at Esphorst claiming failure to supervise under § 1983, intentional infliction of emotional distress as Rainey's supervisor and employer, and negligent supervision under state tort law, respectively. Counts VI, VII, and VIII are directed at Gasconade County claiming failure to supervise under §1983, intentional infliction of emotional distress as Rainey's supervisor and employer, and negligent supervision under state tort law, respectively.

The moving Defendants argue that Counts IV and VII for intentional infliction of emotional distress are barred by the two year statute of limitations of § 516.140, Mo. Rev. Stat., for sexual battery because the intentional infliction claims are based on the alleged sexual battery on August 4, 2012, and are therefore not independent intentional infliction claims governed by the five year statute of limitations of § 516.120(4). The moving Defendants further argue that the conduct serving as the basis for these two counts also serves as the basis of Counts III and VI for failure to supervise under § 1983 directed at Esphorst and Gasconade County, respectively, and thus Counts IV and VII should be dismissed "lest they 'swallow' Plaintiff's predicate tort claims." (Doc. No. 40 at 5.) Lastly, the moving Defendants assert that Counts V and VIII for state law negligent supervision are barred by the three year statute of limitations of

3

§ 516.130(1), Mo. Rev. Stat., for claims against "a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise."

Plaintiff responds that her intentional infliction claims against the moving Defendants are not barred by the statute of limitations for battery claims because Rainey's conduct leading up to, but not including, the alleged battery on August 4, 2012, is sufficient to state an independent claim for intentional infliction. Thus, the five year statute of limitations of § 516.120(4) applies. Further, Plaintiff asserts that her intentional infliction claims are not barred as duplicative because the conduct giving rise to these claims occurred before, and is independent of, the battery that is the basis of her civil rights claims in Counts III and VI.

Lastly Plaintiff argues that the three year statute of limitations of § 516.130(1) does not apply to her state law negligent supervision claim against Esphorst in his individual capacity; nor against Gasconade County because the county is not an "officer" within the meaning of § 516.130(1), in that she is suing Gasconade County "as a whole" for its policies and actions.

## **DISCUSSION**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is to be considered using the same standard as a motion to dismiss under Rule12(b)(6). *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

4

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

**<u>Intentional Infliction Claims</u>**

By Order dated March 17, 2016, the Court rejected the same statute of limitations argument raised now by Esphorst and Gasconade County that was raised then by Rainey in a motion to dismiss Count II of the amended complaint. The Court accepted Plaintiff's argument that her emotional distress claim was based only upon Rainey's actions leading up to the sexual battery, and that thus the claim was not time barred. (Doc. No. 55.) For similar reasons, the Court rejects this statute of limitations argument raised by Esphorst and Gasconade County.

The Court also rejects the moving Defendants' argument that Counts III and VI asserting intentional infliction of emotional distress against Esphorst and Gasconade, as Rainey's supervisor and employer, are duplicative of the § 1983 civil rights failure-to-supervise claims against these two Defendants in Counts IV and VII. The two theories of recovery are distinct, each requiring proof of different elements. The injuries asserted in these two sets of counts – a deprivation of a constitutional right and severe emotional distress – are also different.

**Negligent Supervision Claims**

Under Missouri law, "[a]n action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise" is time-barred after three years. Mo. Rev. Stat. § 516.130(1). The statute of limitations for personal injuries is five years. Mo. Rev. Stat. § 516.120(4).

As noted above, Plaintiff's amended complaint names Esphorst in his individual capacity. Therefore, Count V is not time-barred because it is governed by the five-year statute of limitations for personal injuries found in § 516.120(4) rather than the three-year statute of limitations found in § 516.130(1). *See Gaulden v. City of Desloge, Mo.*, 2009 WL 1035346, at *14 (E.D. Mo. 2009) ("An action against an officer in his or her individual capacity does not fall within the parameters of Section 516.130.") (citing *Miller Cty. v. Groves*, 801 S.W. 2d 777, 778-79 (Mo. Ct. App. 1991)). Gasconade County has provided no authority for its argument that § 516.130(1) applies to a claim against a county sued for negligence in, for example, failing to supervise its police officers.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Randy Esphorst and Gasconade County's motion for judgment on the pleadings as to Counts IV, V, VII, and VIII of

Plaintiff's amended complaint is **DENIED**. (Doc. No. 39.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2016.